UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

HOMESTEAD PLAZA GROUP LLC,
C&L QSR LLC D/B/A 3 PEPPER BURRITO CO,
CSC OF LA LLC D/B/A COLD STONE CREAMERY,
FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025
AKA SD3 INC. and FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HOMESTEAD PLAZA GROUP LLC, C&L QSR LLC D/B/A 3 PEPPER BURRITO CO, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, and FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3 INC. and FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK (hereinafter "Defendants" when referred to collectively), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

    1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

1

3.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a house in Lee County, Florida, and is otherwise *sui juris.*

4.     At all times material, Defendants, HOMESTEAD PLAZA GROUP LLC owned and continues to own a commercial plaza property at 1302-1344 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter the "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Lee County, Florida.

5.     At all times material, Defendant, HOMESTEAD PLAZA GROUP LLC was and is a Florida Limited Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Lee County, Florida

6.     At all times material, Defendant, C&L QSR LLC D/B/A 3 PEPPER BURRITO CO, was and is a Florida Limited Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Lee County, Florida.

7.     At all times material, Defendant, C&L QSR LLC D/B/A 3 PEPPER BURRITO CO, owned and operated a commercial restaurant business located at 1322 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter the "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Lee County, Florida.  Defendant, C&L QSR LLC., holds itself out to the public as "3 PEPPER BURRITO."

8.     At all times material, Defendant, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, was and is a Florida Limited Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Lee County, Florida.

9.     At all times material, Defendant, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, owned and operated a commercial restaurant business located 1320 Homestead

Road N., Lehigh Acres, Florida 33936 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Lee County, Florida. Defendant, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, holds itself out to the public as "COLD STONE CREAMERY."

10. At all times material, Defendant, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, was and is each a Florida Limited Company, organized under the laws of the State of Florida, with its principal place of business in Lee County, Florida.

11. At all times material, Defendant, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Lee County, Florida.

12. At all times material, Defendant, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., owned and operated a commercial restaurant business located at 1316 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Lee County, Florida. Defendant, FISHER DARYL, holds itself out to the public as "SUBWAY 6025."

13. At all times material, Defendant, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., was and is each a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Lee County, Florida.

14. At all times material, Defendant, FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Lee County, Florida.

15. At all times material, Defendant, FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST

3

WOK[1], owned and operated a commercial restaurant business located at 1304 Homestead Road N., Lehigh Acres, Florida 33936 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Lee County, Florida. Defendant, FIRST WOK LEHIGH ACRES, INC., holds itself out to the public as "FIRST WOK."

16. At all times material, Defendant, FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK, was and is each a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Lee County, Florida.

17. At all times material, HOMESTEAD PLAZA GROUP LLC, is the real property owner of the real property that is one of the subjects of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Lee County, Florida.

18. At all times material, C&L QSR LLC, D/B/A 3 PEPPER BURRITO CO, is the individual owner of a restaurant business that is one of the subjects of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Lee County, Florida.

19. At all times material, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, is the individual owner of a restaurant business that is one of the subjects of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Lee County, Florida.

20. At all times material, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., is the individual owner of a commercial restaurant business that is one of the subjects of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Lee County, Florida.

21. At all times material, FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK, is

---

[1] Defendant, FIRST WOK LEHIGH ACRES, INC., holds itself out to the public as "FIRST WOK." We refer to the entity as FIRST WOK LEHIGH ACRES, INC., because all the tangible tax documents list the accounts in the corporation's name vs. the LLC. FIRST WOK LEHIGH ACRES, LLC is the most recent Sunbiz filing—now listed as inactive—but none of the tangible tax documents are listed under this entity.

the individual owner of a restaurant business that one of the subjects of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Lee County, Florida.

22. Venue is properly located in the Middle District of Florida because Defendants' commercial plaza property, restaurant businesses and all related businesses and parties are located in Lee County, Florida; Defendants regularly conduct business within Lee County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

23. Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

24. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

25. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

26. The Defendants in the instant case are the owner of the real property and the owners of the restaurant businesses all located within the subject commercial plaza property at 1302-1344 Homestead Road N., Lehigh Acres, Florida 33936 which together are a place of public accommodation.

27. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with

disabilities as defined by and pursuant to the ADA. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

28. Defendant, HOMESTEAD PLAZA GROUP LLC, owns, operates, and oversees the commercial plaza property that is the subject of this ADA Complaint, with all listed areas being open to the public.

29. Defendant, C&L QSR LLC, D/B/A 3 PEPPER BURRITO CO, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

30. Defendant, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

31. Defendant, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

32. Defendant, FIRST WOK LEHIGH ACRES, LLC D/B/A FIRST WOK, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

33. The subject commercial plaza property is open to the public and is located in Lee County, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial plaza property and restaurant businesses located within the commercial plaza property

on May 21, 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property and the commercial restaurants he visited within it. He often visits the commercial plaza property and businesses in order to avail himself of the goods and services offered there, and because it is approximately one and a half (1.5) miles or six (6) minutes from his house in Lehigh Acres and is near other business and he frequents as a patron. He plans to return to the commercial plaza property within two (2) months from the date of the filing of this Complaint.

34. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial plaza property, and commercial restaurant businesses within it to each to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and restaurant businesses listed in this Complaint and wishes to continue his patronage and use of the premises.

35. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial plaza property, and commercial restaurant businesses within it. The barriers to access at Defendants' commercial plaza property, restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial plaza property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

36. Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

37. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

38. Defendant, HOMESTEAD PLAZA GROUP LLC, owns and operates the commercial plaza property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, HOMESTEAD PLAZA GROUP LLC, as owner of the commercial real property is accordingly jointly and severally responsible for complying with the obligations of the ADA along with its tenants and Co-Defendants, C&L QSR LLC, D/B/A 3 PEPPER BURRITO CO, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC. and FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK in regard to each tenant's commercial space.

39. The place of public accommodation that Defendant, C&L QSR LLC D/B/A 3 PEPPER BURRITO CO, owns and operates is the restaurant located at 1322 Homestead Road N., Lehigh Acres, Florida 33936 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, HOMESTEAD PLAZA GROUP LLC.

40. The place of public accommodation that Defendant, CSC OF LA LLC D/B/A COLD STONE CREAMERY, owns and operates is the restaurant located at 1320 Homestead Road N., Lehigh Acres, Florida 33936 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the

obligations of the ADA with its landlord and Co-Defendant, HOMESTEAD PLAZA GROUP LLC.

41. The place of public accommodation that Defendant, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., owns and operates is the restaurant located at 1316 Homestead Road N., Lehigh Acres, Florida 33936 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, HOMESTEAD PLAZA GROUP LLC.

42. Defendant/Landlord, HOMESTEAD PLAZA GROUP LLC, as owner of the commercial plaza property, and Co-Defendant/Tenants, C&L QSR LLC, D/B/A 3 PEPPER BURRITO CO, CSC OF LA LLC, D/B/A COLD STONE CREAMERY, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC. and FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK, as owners of the commercial restaurant businesses and pool supply business (respectively) located at the subject property are each jointly and severally liable for all ADA violations listed in this Complaint for the violations within their leased spaces with their landlord.

43. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial plaza property, and restaurant businesses, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial plaza property and restaurant businesses, in violation of the ADA. Plaintiff desires to visit the commercial plaza property and restaurant businesses located therein, not only to avail himself of the goods and services available at the commercial plaza property, but to assure himself that the

commercial plaza property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial plaza property without fear of discrimination.

44. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial plaza property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HOMESTEAD PLAZA GROUP LLC, FOR COMMON AREAS

45. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

46. Defendant, HOMESTEAD PLAZA GROUP LLC. has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property, include but are not limited to, the following:

A. Entrance Access and Path of Travel

i. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA

10

Standards, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HOMESTEAD PLAZA GROUP LLC, AND TENANT/DEFENDANT, C&L QSR LLC D/B/A 3 PEPPER BURRITO CO, FOR AREAS WITHIN C&L QSR LLC D/B/A 3 PEPPER BURRITO CO'S LEASED PLACE OF PUBLIC ACCOMODATION

47. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

48. Defendants, HOMESTEAD PLAZA GROUP LLC and C&L QSR LLC D/B/A 3 PEPPER BURRITO CO have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Public Restrooms

    i. The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

 iv. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

 v. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HOMESTEAD PLAZA GROUP LLC, AND TENANT/DEFENDANT, CSC OF LA LLC D/B/A COLD STONE CREAMERY, FOR AREAS WITHIN CSC OF LA LLC D/B/A COLD STONE CREAMERY' LEASED PLACE OF PUBLIC ACCOMODATION**

 49. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

 50. Defendants, HOMESTEAD PLAZA GROUP LLC and CSC OF LA LLC D/B/A COLD STONE CREAMERY have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. <u>Public Restrooms</u>

 i. The Plaintiff could not enter or exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA

12

Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½" below a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HOMESTEAD PLAZA GROUP LLC AND TENANT/DEFENDANT, FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., FOR AREAS WITHIN FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC.' LEASED PLACE OF PUBLIC ACCOMODATION**

51. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

52. Defendants, HOMESTEAD PLAZA GROUP LLC and FISHER DARYL D/B/A DARYL FISHER SUBWAY 6025 AKA SD3, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited

to, the following:

A. <u>Public Restrooms</u>

    i.       The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided due to the door swinging into the restroom, violating Sections 4.2.3, 4.22.2, and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.      The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.     The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.      The Plaintiff could not use the lavatory without assistance, as objects are located underneath it. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, violating the requirements in Section 4.19.2 of the ADAAG, 28 CFR 36.211, and Sections 306 & 606.2 of the 2010 ADA Standards, whose resolution is readily

achievable.

    vi.    The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not mounted at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### **COUNT V - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HOMESTEAD PLAZA GROUP LLC, AND TENANT/DEFENDANT, FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK, FOR AREAS WITHIN FIRST WOK LEHIGH ACRES, INC. D/B/A FIRST WOK'S LEASED PLACE OF PUBLIC ACCOMODATION**

53.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

54.    Defendants, HOMESTEAD PLAZA GROUP, INC. and, FIRST WOK LEHIGH ACRES, LLC D/B/A FIRST WOK, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A.  <u>Access to Goods and Services</u>

    i.    The Plaintiff could not use the sales counters without assistance, as they are

mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    A.    <u>Public Restrooms</u>

    i.    The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The Plaintiff could not transfer to the toilet without assistance, as the grab

bars are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   vi.  The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

### RELIEF SOUGHT AND THE BASIS

53. The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property and restaurants; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

54. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial plaza property and restaurant businesses within the place of public accommodation; and has otherwise been

discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

55. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

56. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a

clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

57. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

58. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

59. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial plaza property and restaurants located at the commercial plaza whose address is listed 1302-1344 Homestead Road N., Lehigh Acres, Florida 33936 and restaurants listed as Co-Defendants in this ADA Action, to include the interiors, exterior areas, and the common exterior areas of the commercial plaza property and commercial restaurants within the plaza in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing

the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 12, 2025

        **ANTHONY J. PEREZ LAW GROUP, PLLC**
        *Attorneys for Plaintiff*
        7950 W. Flagler Street, Suite 104
        Lee County, Florida 33144
        Telephone: (786) 361-9909
        Facsimile: (786) 687-0445
        Primary E-Mail: ajp@ajperezlawgroup.com,
        jr@ajperezlawgroup.com,
        mds@ajperezlawgroup.com

        By: ___/s/_Anthony J. Perez_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451